# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## KENNETH MARINO v. BOARD OF ADMINISTRATION CITY OF MEMPHIS RETIREMENT SYSTEM

**Appeal from the Chancery Court for Shelby County**
**No. CH140404      Oscar C. Carr, III, Chancellor**

_____

**No. W2015-00069-COA-R3-CV – Filed April 9, 2015**

_____

The order appealed is not a final judgment.  Consequently, we must dismiss this appeal for lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KENNY ARMSTRONG, J., J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J.

Barbaralette G. Davis and Jake Russell Hayes, Memphis, Tennessee, for the appellant, City of Memphis.

John F Canale, III, Memphis, Tennessee, for the appellee, Kenneth Marino.

## MEMORANDUM OPINION[1]

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See Bayberry Assoc. v. Jones*, 783 S.W.2d 553 (Tenn. 1990).

On December 29, 2014, Appellant Board of Administration, City of Memphis Retirement System filed a Notice of Appeal of the trial court's order of November 26, 2014. Appellant also filed an application for an interlocutory appeal of the same trial court order on February 19, 2015. In that application, Appellant stated "[f]urther, to protect itself against the possibility that the lower court's Order was final and required an appeal as of right, Respondent has also filed a Notice of Appeal in this matter, pursuant to Rule 5 of the Tennessee Rules of Appellate Procedure." The Court granted that application by Order entered on March 17, 2015.

The appellate record for this appeal was transmitted to the Clerk of this Court on February 23, 2015. Pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we reviewed the appellate record to determine if the Court has subject matter jurisdiction to hear this matter. After that review, the Court entered an Order on March 4, 2015, directing Appellant to either obtain entry of a final judgment in the trial court within ten (10) days of the entry of that Order, or else to show cause why this appeal should not be dismissed for failure to appeal an appealable order or judgment, within fifteen (15) days from the entry of that Order. As of this date, however, Appellant has not responded to our Order.

The order appealed in this matter is obviously not a final judgment, because the Court has granted the application for interlocutory appeal in a separate appeal. Thus, the Court lacks jurisdiction and this appeal must be dismissed.

### Conclusion

Because the trial court has not yet entered a final judgment, the appeal is dismissed. Costs of this appeal are taxed to the appellant, City of Memphis, for which execution may issue if necessary.

### PER CURIAM

2